**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

XAVIER L. REDUS                                                                                    PLAINTIFF
ADC #108610

V.                                            NO: 4:09CV00675 JMM

NORMAN L. HODGES, JR. *et al.*                                                          DEFENDANTS

## ORDER

Plaintiff, currently East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on August 14, 2009, naming as Defendants Norman L. Hodges, Jr. Director of the Arkansas State Claims Commission ("Claims Commission"), and John and Jane Doe members of the Claims Commission.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the

speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  Although *Twombly* involved allegations of conspiracy in violation of the Sherman Act, 15 U.S.C. § 1, the holding has been applied in a § 1983 context as well.  *See Robbins v. Oklahoma*, Case No. 07-7021, 2008 U.S. App. LEXIS 5915 (10th Cir. March 21, 2008).  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, the ADC is responsible for the loss of 34 of his photographs, so he filed a claim with the Claims Commission.  Plaintiff asserts that the Claims Commission dismissed his claim on March 12, 2009, when it granted a motion to dismiss filed by the ADC.  Plaintiff contends the ADC's motion contained fraudulent exhibits, and that his case was dismissed a day before the Claims Commission was to hold a hearing on the issue, which violated the Claims Commission's policies, and his due process rights.  Plaintiff relates that he has sent two letters to the Arkansas General Assembly, most recently on July 13, 2009, but has yet to receive a response from them.  Plaintiff seeks $9,996.00 for the value of the property, along with punitive damages, and other relief.

A similar claim was raised in *Chapman v. Hodges*, ED/AR No. 4:05CV00180 JMM.  In a memorandum and order dismissing the case (May 10, 2005), the Court noted the plaintiff was provided with an adequate post-deprivation remedy before the Claims Commission, in accordance with *Hudson v. Palmer*, 468 U.S. 517, 530-37 (1984), and *Parratt v. Taylor*, 451 U.S. 527, 543-44

(1981). In addition, the Court noted the statutory scheme governing the Claims Commission, and the fact that it has exclusive jurisdiction of claims against the state and its agencies, serves as a fact-finding body for the General Assembly, and that its findings and legal renderings are not subject to judicial review. *See* Ark. Code Ann. § 19-10-201 *et seq.*, and *Fireman's Ins. Co. v. Arkansas State Claims Commission*, 301 Ark. 451, 784 S.W.2d 771 (Ark. 1990), where the Court recognized the only available relief for an aggrieved claimant is to seek review by the General Assembly.

In light of the law set forth in *Chapman v. Hodges*, supra, and the substantially similar allegations set forth by Plaintiff in this case, the Court finds that Plaintiff's complaint does not state a claim for relief and should be dismissed.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1.   Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2.   This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.   The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 20th day of August, 2009.

_____
UNITED STATES DISTRICT JUDGE